**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKAN BOYD, | No. 10-17941 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-03591-EDL |
| v. | |
| FIRE BUREAU; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding[**]

Submitted February 21, 2012[***]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Akan Boyd appeals pro se from the district court's order dismissing his

action under 42 U.S.C. § 1983 and the federal Administrative Procedure Act (the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"APA") against the City of Oakland, the Oakland Fire Prevention Bureau, and two fire inspectors in their official capacities for charging him a fire inspection fee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed Boyd's Eighth, Ninth, and Fourteenth Amendment claims because Boyd failed to allege that his injuries were proximately caused by the defendants' conduct under an official city policy, custom, practice, or procedure. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (setting forth requirements for a § 1983 claim of municipal liability and stating that suits against officers in their official capacity are another way of pleading an action against the entity).

The district court properly dismissed Boyd's APA claim because Boyd failed to allege that the defendants were, or acted as, federal actors. *See Gilliam v. Miller*, 973 F.2d 760, 764 (9th Cir. 1992) (test to determine if a state agency is acting as a federal actor for purposes of being subject to the APA).

Boyd's remaining contentions are unpersuasive.

Boyd's motion for relief from judgment is denied.

**AFFIRMED.**